UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MARIO VALDIVIEZO,

                Plaintiff,

-against-                                    **MEMORANDUM AND ORDER**

THE CITY OF NEW YORK; DET. WILLIAM           14-CV-4897 (SLT)
GREER, and 66TH PRECINCT,

                Defendants.
----------------------------------------------------------x
**TOWNES, United States District Judge:**

On July 25, 2014, plaintiff Mario Valdiviezo, who is currently incarcerated at the George R. Vierno Center (G.R.V.C.) on Rikers Island, commenced this *pro se* action by delivering three completed forms to G.R.V.C. personnel for mailing to the Court. One form is entitled "Complaint under the Civil Rights Act, 42 U.S.C. § 1983," and includes a three-page, handwritten "Statement of Facts." The other two forms are a "Request to Proceed *In Forma Pauperis*" and an "Application for the Court to Request *Pro Bono* Counsel." The Court grants plaintiff's request to proceed *in forma pauperis* but, for the reasons set forth below, dismisses the City of New York and the 66th Precinct from this action and denies plaintiff's application for *pro bono* counsel.

## *BACKGROUND*

The following facts are drawn exclusively from plaintiff's form complaint (hereafter, the "Complaint") and the three-page "Statement of Facts" (hereafter, "SOF"), which is inserted after page 3 of the Complaint. For some unspecified period prior to February 26, 2013, plaintiff was

living with a girlfriend, Delia Hernandez, in his apartment on New Utrecht Avenue in Brooklyn, New York (SOF, pp. 1-2). At some juncture, Hernandez threatened plaintiff's minor daughter, who lived with them (*id.*, p. 2). Plaintiff reported the threat to officers at the New York Police Department's 66th Precinct, the precinct closest to his home (*id.*). The officers there refused to permit him to file a criminal complaint against Hernandez, asserting that his apartment was in the 62nd Precinct (*id.*).

Thereafter, plaintiff decided to send his daughter to Florida to live with her mother (*id.*, p. 1). On February 26, 2013, while they were returning home from the airport, plaintiff asked Hernandez to move out (*id.*). Hernandez was "highly upset" and, unbeknownst to plaintiff, "decided to go to the precinct and put in a complaint against [plaintiff] on February 28, 2013" (*id.*).

Sometime between 5:45 and 6:00 on the evening of February 28, 2013, two detectives—defendant William Greer and an unidentified "black male"—knocked on the door of plaintiff's apartment (Complaint, pp. 2-3; SOF, p. 1). Although they did not have a warrant, the detectives forced plaintiff out of his apartment and into the hallway, where they arrested and searched him (Complaint, p. 3; SOF, p. 1). The detectives removed plaintiff's jewelry, watch and cell phone and placed the items inside his apartment, telling him that he could not take those belongings to the precinct (SOF, p. 1). The detectives assured plaintiff that he would be released later that night and could retrieve his property then, but those assurances proved false (*id.*). Plaintiff was not released and, while detained, lost his job, the apartment and all his belongings (*id.*).

2

At the precinct, plaintiff was allegedly subjected to various forms of harassment and maltreatment. According to plaintiff, unspecified officers made "racial remarks;" refused his requests for food, water, and access to a bathroom; and forced him to sign a form which plaintiff, who could not "read properly," did not understand (SOF, p. 2). The officers never told him why he had been arrested (*id.*).

The case against plaintiff was dismissed on July 9, 2013 (Complaint, p. 3; SOF, p. 3). . In April 2014, plaintiff received from his lawyer a document entitled "Complainant's Statement of Intent," which was allegedly provided to the lawyer by the District Attorney's Office and which is attached to the Complaint as Exhibit 1. In that document, which appears to have been completed by Hernandez on March 5, 2013, Hernandez states that she does not wish to press charges against plaintiff. Hernandez claims that she was forced to falsely incriminate plaintiff by an unspecified detective who wanted to hold plaintiff in custody in anticipation of charging him in another case.

In his Complaint, plaintiff seeks $2 million in compensatory damages for his "unlawful arrest," the warrantless search, the detective's solicitation of Hernandez's "false statement," and the District Attorney's failure to immediate disclose the "Complainant's Statement of Intent" (Complaint, p. 5). The complaint names three defendants—the City of New York, Detective Greer and the 66th Precinct—but does not contain any specific allegations concerning the City.

## DISCUSSION

*Standard of Review*

Section 1915A(a) of the Title 28 of the United States Code requires a district court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon review, the court is required to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). When a prisoner is proceeding *pro se*, the Court is required to read the complaint liberally and interpret it raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999).

Even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be

4

true, this tenet is "inapplicable to legal conclusions." *Id.* The Federal Rules of Civil Procedure do not require detailed factual allegations, but demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court has stated:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted; brackets added in *Iqbal*).

## Section 1983

According to the caption of the Complaint, plaintiff is proceeding pursuant to 42 U.S.C. § 1983. This section provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993), *cert. denied*, 512 U.S. 1240 (1994).

In order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United

5

States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Plaintiff cannot base a defendant's liability on *respondeat superior* or on "linkage in the ... chain of command." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).

### *Plaintiff's Claims against the City of New York*

Although municipalities, such as the City of New York, are considered "persons" for purposes of § 1983, the Supreme Court has held that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 689 (1978). Rather, in *Monell* and subsequent cases, the Supreme Court has "required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Brown*, 520 U.S. at 403 (citing cases). A municipal "policy" results "from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04 (citing *Monell*, 436 U.S. at 694). A "custom" is a practice which, although not formally approved by an appropriate decisionmaker, is "so widespread as to have the force of law." *Id.* at 404 (citing *Monell*, 436 U.S. at 690-91).

In order to state a claim against a municipality, a complaint must "allege facts sufficient to show that the ... violation of his constitutional rights resulted from a municipal custom or

policy." *Costello v. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011) (internal quotations and citation omitted); *see Ceparano v. Suffolk County Dep't of Health*, 485 Fed. App'x 505, 508 (2d Cir. 2012) (summary order). Although there is no heightened pleading requirement for claims alleging municipal liability, *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), the Second Circuit has affirmed the *sua sponte* dismissal of claims against municipalities in cases where the complaint failed to plausibly allege that the constitutional violation at issue resulted from a municipal custom or policy. *See, e.g., Meehan v. Kenville*, 555 Fed. App'x 116, 117 (2d Cir. 2014) (summary order) (claim against a municipal entity was properly dismissed under 28 U.S.C. § 1915 for "failure to plausibly allege that any constitutional violation resulted from a custom, policy or practice of the municipality"); *Cancel v. Amakwe*, 551 Fed. App'x 4, 7 (2d Cir. 2013) (summary order) (claims against City properly dismissed under 28 U.S.C. § 1915 where plaintiff failed to "plausibly allege that he was deprived of a constitutional right pursuant to an official or unofficial municipal policy").

In this case, plaintiff fails to make any specific allegations concerning the City of New York. Moreover, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any City employee are attributable to a municipal policy or custom. Therefore, plaintiff has failed to state a claim against the City of New York. *See Brown*, 520 U.S. at 403. Moreover, since there is nothing in the complaint to suggest that plaintiff could identify a municipal policy or custom that resulted in the officers'

allegedly unconstitutional actions, plaintiff's claims against the City of New York are dismissed with prejudice. *See Cuoco*, 222 F.3d at 112 ; *Gomez*, 171 F.3d at 795.

*Plaintiff's Claims against the 66th Precinct*

Although the complaint contains allegations concerning actions or omissions which occurred at the 66th Precinct, the precinct itself is not a suable entity. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision "has been construed to mean that New York City departments [such as the New York Police Department and its precincts], as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159-160 (2d Cir. 2008) (*per curiam*); *see, e.g., Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity); *Thomas v. N.Y.C. Police Dep't*, No. 12-CV-6327, 2013 WL 431335, at *1 (E.D.N.Y. Feb. 4, 2013) ("The complaint cannot proceed against the NYPD or the DOC"); *Richardson v. N.Y.C. Police Dep't*, No. 12-CV-5753, 2013 WL 101403, at *2 (E.D.N.Y. Jan. 7, 2013) ("The NYPD and its divisions, including the Transit Police, may not be sued directly; instead, any suit against a City agency must be brought against the City of New York."); *Johnson v. N.Y.C. Police Dep't*, No. 12-CV-5423, 2012 WL 5607505, at *3 (E.D.N.Y. Nov. 15, 2012) ("New York City departments and agencies, as distinct from the City itself, lack the capacity to be sued."). Therefore, any claims against the 66th Precinct are dismissed pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## CONCLUSION

For the reasons set forth above, the complaint is dismissed as to the City of New York and the 66th Precinct for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b). No summons shall issue as to these defendants. Plaintiff's application for *pro bono* counsel is denied at this time.

The complaint against Detective William Greer, who was employed at the 66th Precinct on or about February 28, 2013, shall proceed. The Clerk of Court shall issue a summons against this defendant and the United States Marshals Service is directed to serve the summons, plaintiff's complaint and a copy of this Memorandum and Order upon this defendant without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the same papers to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/ Judge Sandra L. Townes
'SANDRA L. TOWNES
United States District Judge

Dated: September 16, 2014
Brooklyn, New York