UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARIO VALDIVIEZO,

                                      Plaintiff,

-against-                                    **MEMORANDUM AND ORDER**

DETECTIVE WILLIAM GREER, *et al.*,             14-CV-4897 (SLT)(ST)

                                      Defendants.
------------------------------------------------------------------x
**TOWNES, United States District Judge:**

In a one-page letter dated June 12, 2017, *pro se* plaintiff Mario Valdiviezo ("Plaintiff") requests leave to amend his complaint in this § 1983 action. The letter does not allege any facts, but states that Plaintiff "would like permi[ss]ion to Amend ... on the grounds of violation of Rosario material, and Brady material." The letter implies that these new claims would be brought against a newly named defendant, but does not identify the prospective defendant.

To the extent that this letter can be construed as a motion to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, that motion is denied without prejudice. Although Rule 15(a)(2) provides that a court "should freely give leave [to amend a complaint] when justice so requires," Plaintiff's letter does not provide enough information to enable the Court to determine whether the proposed new claims are viable. The letter contains only conclusory allegations of *Rosario* and *Brady* violations, without alleging a factual basis for these claims or even specifying the prospective new defendant.

Because the motion is denied without prejudice, Plaintiff is free to renew his motion to amend the pleadings at any time. Before doing so, however, Plaintiff may wish to consider the following. First, in order to maintain a § 1983 claim, a plaintiff must allege conduct which "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). A claim alleging a *Rosario*

violation is not a federal constitutional claim. *Goston v. Rivera*, 462 F. Supp. 2d 383, 394 (W.D.N.Y. 2006). Rather, the claim stems from *People v. Rosario*, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881, *cert. denied*, 368 U.S. 866 (1961), a New York Court of Appeals case which makes it reversible error as a matter of New York State law for the prosecution to fail to give defendant copies of a prosecution witness's prior statement relating to the subject matter of the witness's testimony, regardless of whether or not it varies from his testimony on the stand. It is possible, however, that the same facts that make out a *Rosario* violation could serve as the basis for a federal constitutional claim.

Second, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Second Circuit has held "that *Brady*-based § 1983 claims necessarily imply the invalidity of the challenged conviction in the trial (or plea) in which the *Brady* violation occurred." *Poventud v. City of N.Y.*, 750 F.3d 121, 132 (2d Cir. 2014). Accordingly, unless Plaintiff can demonstrate that his conviction has already been invalidated, his *Brady* claim is likely to be barred by *Heck*. *See, e.g., Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (if a judgment in favor of the plaintiff's § 1983 claim would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed without prejudice unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated).

2

Third, to the extent Plaintiff is contemplating suing a prosecutor or a judge in connection with *Rosario* and/or *Brady* violations, those claims are likely to be barred by prosecutorial or judicial immunity. "'[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' ... insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1991)). Similarly, "judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).

## *CONCLUSION*

To the extent that Plaintiff's letter dated June 12, 2017, can be construed as a motion to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, that motion is denied without prejudice for the reasons set forth above.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: June 21, 2017
Brooklyn, New York